13-4492

*Francis Mathew v. North Shore-Long Island Jewish Health System, Inc., Andreas Nicou*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 13th day of November, two thousand fourteen.

Present:      ROBERT A. KATZMANN,
           *Chief Judge*,
           PETER W. HALL,
           DEBRA ANN LIVINGSTON,
           *Circuit Judges.*

_____

FRANCIS MATHEW,

      *Plaintiff-Appellant*,

      - v -                      No. 13-4492

NORTH SHORE - LONG ISLAND JEWISH HEALTH SYSTEM, INC., ANDREAS NICOU,

      *Defendants-Appellees.*[*]

_____

For Plaintiff-Appellant:      DAVID ZEVIN, (Sang J. Sim, *on the brief*), New York, New York

For Defendants-Appellees:      PETER D. STERGIOS, (M. Christopher Moon, *on the brief*) New York, New York

_____

[*] The Clerk is directed to amend the caption as set forth above.

1

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is hereby **AFFIRMED**. Plaintiff-Appellant Francis Mathew appeals from an October 23, 2013 order granting summary judgment in favor of Defendant-Appellees North Shore-Long Island Jewish Health System, Inc. and Andreas Nicou (collectively, "Appellees"). Mathew asserts that he was terminated from his employment at the Long Island Jewish Medical Center because he suffered from a hernia, in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8–107. Mathew asserts in the alternative that he was terminated because of his age, in violation of the NYSHRL and NYCHRL. We assume the parties' familiarity with the relevant facts, procedural history of the case, and the issues presented for review.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). We are required to resolve all ambiguities and draw all inferences in favor of the nonmovant. *See Nationwide Life Ins. Co. v. Bankers Leasing Assoc.,* 182 F.3d 157, 160 (2d Cir. 1999).

We begin with Mathew's claim that Appellees retaliated against him for his exercise of rights under the FMLA. FMLA retaliation claims are evaluated within the *McDonnell Douglas*

burden-shifting framework. *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004). Applying this framework, we find that even assuming Mathew set forth a prima facie case of retaliation, he has not provided any evidence that the Appellees' justification for firing him was pretextual. First, although Mathew contends that he did not falsify time records, "we are decidedly not interested in the truth of the allegations against plaintiff" when evaluating pretext. *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006). Instead, "[w]e are interested in what *motivated* the employer." *Id.* (internal quotation omitted). Here, Mathew concedes that at his December 5 and December 8, 2008 meetings with Nicou, he admitted to submitting inaccurate time records. Even if this admission was inaccurate or incomplete, it provided the Appellees with a sound basis to conclude that Mathew had stolen time, and thus undercuts any inference that Mathew's termination was motivated by his hernia.

Second, Mathew asserts that, even if he did misrecord his time, the Appellees selectively enforced their timekeeping policies against him because of his hernia. To establish pretext based on selective enforcement, Mathew must show that he was treated differently than other "similarly situated" employees. *See Henry v. Daytop Vill., Inc.*, 42 F.3d 89, 96-97 (2d Cir. 1994) (analyzing a selective enforcement claim in the Title VII context). Here, Mathew has not identified any other similarly situated employees—that is, employees who admitted submitting erroneous timesheets—much less shown that they were treated more leniently than he was. Accordingly, because we conclude that Mathew has not provided any evidence showing that the Appellees' rationale for terminating him was pretextual, we affirm the district court's grant of summary judgment on this claim.

We affirm the remainder of the district court's order for substantially the same reasons. Turning to Mathew's claim for interference with his FMLA rights, to prevail on this claim

3

Mathew must show that the Appellees "considered his FMLA leave and request to return a negative factor in [their] decision to terminate him." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 176 (2d Cir. 2006). Because Mathew has not introduced any evidence that the Appellees fired him for any reason other than his erroneous timesheets, he has not shown that the Appellees considered his hernia "a negative factor in [their] decision to terminate him." *Id.* The district court correctly granted summary judgment on this claim.

Similarly, Mathew's claims for age and disability discrimination under the NYSHRL are evaluated under the same *McDonnell Douglas* framework as FMLA retaliation claims. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000). Accordingly, because Mathew has not established evidence of pretext, his NYSHRL claims fail as well.

Finally, to succeed on his NYCHRL age and disability discrimination claims, Mathew much show that he "has been treated less well at least in part *'because of'*" either his hernia or his age. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (quoting *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 39 (App. Div. 2009)) (emphasis in original). Again, however, Mathew has not proffered evidence that the Appellees terminated him "because of" any reason other than his apparently falsified timesheets. The Appellees were entitled to summary judgment on these claims.

We have considered Mathew's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK

4